THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CALVIN LEMUEL MINOR,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROSEMARY SANCHEZ,<br><br>　　　　　　　Defendant. | CASE NO. C24-0060-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

**I.　BACKGROUND**

Plaintiff, a *pro se* litigant, brought an action alleging negligence, fraud, and solicitation against the trustee of his grandfather's estate. (Dkt. No. 1 at 9–10). Plaintiff alleges that the trustee "made a verbal promise to help [him] co-sign 30% on a home" and never followed through. (*Id.*) He further claims the trustee "used many unethical tactics" and "her actions toward [him] were absolutely negligent, disgusting and inhumane." (*Id.*) Plaintiff claims that the "circumstances [the trustee] created through misrepresentation hinder[ed] [his] livelihood a great deal," and that the trustee "is guilty of a litany of crimes" (*Id.* at 10.) Defendant moves to

dismiss, arguing Plaintiff's complaint fails for a lack of subject matter jurisdiction and for failure to state a legally cognizable claim for which relief can be granted. (*See* Dkt. No. 10.) Plaintiff has filed no response.

## II.  DISCUSSION

### A.  Lack of Subject Matter Jurisdiction

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(1) if the Court lacks subject matter jurisdiction over the claims at issue. "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The Court must provide the plaintiff with an opportunity to be heard before dismissing for lack of jurisdiction, unless the deficiency is apparent on the face of the complaint and cannot be remedied. *Harmon v. Superior Ct. of State of Cal. In & For Los Angeles Cnty.*, 307 F.2d 796, 797 (9th Cir. 1962). *Pro se* litigants' pleadings are liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

If subject matter jurisdiction relies on a federal question, the party bringing the case must demonstrate that they have asserted a claim for relief under federal law and that the claim is not frivolous. *Baker v. Carr*, 369 U.S. 186, 199 (1962); 28 U.S.C. § 1331. If jurisdiction hinges on diversity of citizenship, the party bringing the case must demonstrate genuine and complete diversity between all plaintiffs and defendants and they must affirm that the claim's assertion surpasses the required jurisdictional amount in controversy in good faith. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); 28 U.S.C. § 1332.

Here, Plaintiff's only federal claim appears to be one arising under 42 U.S.C. § 1983. In order to bring a claim under § 1983, Plaintiff must assert a violation of rights protected by the Constitution and laws of the United States and they must demonstrate that the alleged deprivation

was carried out by an individual acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). When assessing whether an individual can be sued under a federal statute addressing civil actions for rights violations, the inquiry is whether the purported violation of federal rights is "fairly attributable to the state." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

Here, Plaintiff has failed to establish a federal question under § 1983 as there is no allegation of a specific federal right being violated. (*See generally* Dkt. No. 1.) More to the point, Defendant's actions, as a trustee, cannot fairly be said to be attributable to the State of Washington. *See Rendell-Baker*, 457 U.S. at 838. In addition, Plaintiff has failed to demonstrate that his claims satisfy the minimum amount in controversy requirement to establish diversity jurisdiction under 28 U.S.C. §1332(a)(1). While Plaintiff is seeking $3 million dollars in financial compensation, (Dkt. No. 1-2 at 26), that estimation lacks any factual support. Accordingly, the Plaintiff fails to establish this Court's subject matter jurisdiction.

### B. Failure to State a Claim

Dismissal is proper when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A plaintiff is obligated to provide grounds for their entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Here, Plaintiff's complaint plainly fails to meet *Twombly's* plausibility standard. Indeed, the complaint lacks the necessary factual content to reasonably infer Defendant's liability. Nor does Plaintiff cite the elements of his claim or specify the injuries he ostensibly suffered. (*See* Dkt. No. 1 at 10–11.) Without more, dismissal becomes a matter of course.

### C. Attorney Fees

Finally, where the Court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation," a defendant may recover attorney fees from the plaintiff. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). To award attorney fees to defendants in civil rights suit brought under § 1983, the plaintiff's action "must be meritless in the sense that it is groundless or without foundation." *Id.*; 42 U.S.C. § 1988(b). Here, despite a prior dismissal in Michigan state court, Plaintiff has continued to litigate his claims after it become clear they were frivolous and unreasonable. (*See* Dkt. Nos. 1 at 4, 11 at 32.) Consequently, Defendant is entitled to recover attorney fees.

### III.   CONCLUSION

For the foregoing reasons:

1. Defendant's motion to dismiss (Dkt. No. 10) is GRANTED. Plaintiff's case is DISMISSED with prejudice. The Clerk is INSTRUCTED to close this case.
2. Defendant shall submit evidence of its reasonable expenses incurred in addressing Plaintiff's complaint within 14 days of this Order. Plaintiff shall submit any objections to the reasonableness of the expenses within 7 days of Defendant's filing.

DATED this 9th day of April 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE